CLIFTON v. JOHN.

(Supreme Court, Appellate Term, First Department. June 14, 1916.)

COURTS ☞189(10)—CITY COURT—AUTHORITY OF COURT TO POSTPONE TRIAL.

The City Court, under rule 14 of its rules, has no authority to postpone the trial of a case for two years merely because sufficient reason for a requested adjournment is not shown.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 409, 458; Dec. Dig. ☞189(10).]

Appeal from City Court of New York, Special Term.

Action by Henry Clifton against Theodore John. From an order denying a motion to restore the cause to the calendar, plaintiff appeals. Reversed and motion granted.

Argued June term, 1916, before GUY, BIJUR, and PHILBIN, JJ.

Charles J. Lane, of New York City, for appellant.

Levi, Gutman & Stern, of New York City (Sol. Levi, of New York City, of counsel), for respondent.

PHILBIN, J. The plaintiff appeals from an order of the City Court denying a motion to restore the case to the day calendar of said court. When the case appeared on the day calendar for trial, a representative of the plaintiff's attorney attended on the call of the calendar and said the latter was engaged in the trial of a case in a Municipal Court.

Both plaintiff's and defendant's attorneys, through their clerks, asked the court to mark the case "Ready and passed for the day." Sufficient reason not having been shown to the court for granting the adjournment, as requested, it was refused, and the case set down for trial for the May term, 1918. I think that, while the court had the right to deny the application for the delay applied for, yet it was without authority to postpone the time of trial to a term two years distant. Rule 14 of the Rules of the City Court. The order should be reversed, and the motion to restore to the day calendar granted.

Order reversed, with $10 costs and disbursements and motion to restore case to the day calendar granted. All concur.